**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION**

| | |
|---|---|
| CRAIG KENT GORDON,<br><br>          Plaintiff,<br><br>     v.<br><br>STATE OF UTAH et al.,<br><br>          Defendants. | Case No. 2:08-CV-681 DB<br><br>District Judge Dee Benson<br><br>**MEMORANDUM DECISION AND<br>DISMISSAL ORDER**<br><br>Magistrate Judge Paul Warner |

Plaintiff, Craig Kent Gordon, an inmate at Purgatory Correctional Facility, filed this *pro se* civil rights suit, *see* 42 U.S.C.S. § 1983 (2009), proceeding *in forma pauperis*. *See* 28 *id.* § 1915. His complaint is now before the Court for screening. *See id.* § 1915(e).

**I. Screening Analysis**

**A. Standard of Review**

This Court shall dismiss any claims in a complaint filed *in forma pauperis* if they are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief against an immune defendant. *See id.* § 1915(e)(2)(B). "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail

on the facts he has alleged and it would be futile to give him an opportunity to amend." *Perkins v. Kan. Dep't of Corrs.*, 165 F.3d 803, 806 (10th Cir. 1999).  When reviewing the sufficiency of a complaint the Court "presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).

Because Plaintiff is proceeding *pro se* the Court must construe his pleadings "liberally" and hold them "to a less stringent standard than formal pleadings drafted by lawyers." *Id*. at 1110.  However, "[t]he broad reading of the plaintiff's complaint does not relieve [him] of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Id.*  While Plaintiff need not describe every fact in specific detail, "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Id.*

## B. Plaintiff's Allegations

Plaintiff's Complaint, in a meandering and borderline-incoherent style, alleges claims against state court trial judges Beacham and Shumate, apparently presiding over his pending criminal case; Gary Pendleton, his private defense attorney; Alan Boyack, his public defender; and Matt Miller, the prosecutor in

2

his criminal case.  He primarily attacks the fairness of his state criminal case, alleging defendants have conspired against him, denied him due process, and treated him with general bad faith.  He requests removal of his state criminal case to federal court, dismissal of the charges, disqualification of the judges and prosecutor from his criminal case, and damages.

### C. Improper Defendants

To establish a cause of action under § 1983, Plaintiff must allege (1) the deprivation of a federal right by (2) a person acting under color of state law (without immunity).  *Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *Watson v. City of Kansas City*, 857 F.2d 690, 694 (10th Cir. 1988).

### i. Alan Boyack, Public Defender

The Complaint names Alan Boyack as a defendant based on his role as Plaintiff's public defender.  "However, the Supreme Court has stated that 'a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding.'"  *Garza v. Bandy*, No. 08-3152, 2008 U.S. App. LEXIS 17440, at *4 (10th Cir. Aug. 13, 2008) (unpublished) (quoting *Polk County v. Dodson*, 454 U.S. 312, 325 (1981)).  Additionally, "'even though the defective performance of defense counsel may cause the trial process to deprive an accused person of his liberty in an unconstitutional

3

manner, the lawyer who may be responsible for the unconstitutional state action does not himself act under color of state law within the meaning of § 1983.'" *Id.* (quoting *Briscoe v. LaHue*, 460 U.S. 325, 329 n. 6 (1983)). Further, any claims of ineffective assistance of counsel should be brought either on direct appeal in Plaintiff's criminal case or on habeas corpus review. Thus, Plaintiff's claims against Defendant Boyack may not proceed here.

### ii. Gary Pendleton, Private Defense Counsel

Likewise, "private attorneys . . . are not state actors for section 1983 purposes." *Jenkins v. McBride*, No. 94-3195, 1995 U.S. App. LEXIS 9943, at *3 (10th Cir. May 2, 1995) (unpublished) (citing *Polk County*, 454 U.S. at 319-24). Defendant Pendleton is therefore dismissed as a defendant also.

### iii. Matt Miller, Prosecutor

A prosecutor acting within the scope of his duties enjoys absolute immunity from suit under § 1983. *Imbler v. Pachtman*, 424 U.S. 409, 424 (1976). Miller's acts, as alleged by Plaintiff, directly relate to his advocacy before the court. Miller is therefore entitled to absolute prosecutorial immunity from this lawsuit.

4

### iv. Judges Beacham & Shumate

It is well settled that judges "are absolutely immune from suit unless they act in 'clear absence of all jurisdiction,' meaning that even erroneous or malicious acts are not proper bases for § 1983 claims." *Segler v. Felfam Ltd. P'ship*, No. 08-1466, 2009 U.S. App. LEXIS 10152, at *4 (10th Cir. May 11, 2009) (unpublished) (quoting *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978)). Regarding the claims at issue here, these judges were acting in their judicial capacity in presiding over this case, so their actions are entitled to absolute immunity. *See Doran v. Sanchez*, No. 08-2042, 2008 U.S. App. LEXIS 17987, at *2 (10th Cir. Aug. 19, 2008) (unpublished).

### D. Conspiracy

Without any details, Plaintiff alleges that the defendants are all conspiring against him, presumably so that his criminal case will not end in his favor. "'[W]hen a plaintiff attempts to assert the state action required for a § 1983 action against private actors based on a conspiracy with government actors, mere conclusory allegations with no supporting factual averments are insufficient.'" *Anderson v. Toomey*, No. 08-4221, 2009 U.S. App. LEXIS 8655, at *4 (10th Cir. Apr. 21, 2009) (unpublished) (quoting *Beedle v. Wilson*, 422 F.3d 1059, 1073 (10th Cir. 2005)). Instead, "the plaintiff must specifically plead 'facts tending to

show agreement and concerted action.'"  *Beedle*, 422 F.3d at 1073
(quoting *Sooner Prods. Co. v. McBride*, 708 F.2d 510, 512 (10th
Cir. 1983)).  Plaintiff has not come anywhere close to meeting
this responsibility.  And, his vague assertions that things are
not going well for him and, therefore, a conspiracy must be
involved, do not make sense.  His conspiracy claim is thus
dismissed.

### E. Removal

The Court has already ruled on this matter in a more recent
case of Plaintiff's, *Gordon v. Ludlow*, No. 2:09-CV-214 JTG, slip
op. (D. Utah May 5, 2009), in which removal of Plaintiff's state
criminal case to this Court was denied.  No different or
compelling arguments offered here, removal remains denied.

### F. Prospective Injunctive Relief

The kinds of injunctive relief Plaintiff requests are
disqualification of the state judges and prosecutor and dismissal
of his state criminal charges.  Plaintiff's attempts to state his
claims do not supply any rationale for his requests except that
he disagrees with the way the state court has handled his
criminal case.  The Court therefore abstains from these
questions, based on the *Younger* abstention doctrine.

"Under the *Younger* abstention doctrine, federal courts
should ordinarily refrain from interfering in ongoing state

criminal proceedings." *Wilder v. Adams County Dist. Court*, No. 08-1085, 2009 U.S. App. LEXIS 2149, at *2 (10th Cir. Feb. 4, 2009) (unpublished) (citing *Younger v. Harris*, 401 U.S. 37, 45 (1971)).  Plaintiff has the burden of justifying intervention by showing "'irreparable injury' that 'is both great and immediate.'"  *Id.* (quoting *Younger*, 401 U.S. at 46).  Plaintiff has not asserted any facts that show he will sustain "'great and immediate irreparable injury if this Court fails to intervene in the ongoing state court criminal proceedings.'"  *Id.* (citation omitted).  Standing alone, the fact that Plaintiff must appear on criminal charges in state court is insufficient to establish such an injury.  *See id.* at *2-3 (citation omitted).  If Plaintiff is ultimately convicted and believes his federal constitutional rights were breached in the process, he may bring any claims in a petition for habeas corpus before this Court.  *See id.* at *3.

## ORDER

**IT IS HEREBY ORDERED** that Plaintiff's Complaint is **DISMISSED** with prejudice, under 28 U.S.C.S. § 1915(e)(2)(B) (2009), for failure to state a claim on which relief may be granted.  And,

neither liberal interpretation of Plaintiff's claims nor opportunity to amend would lead to a different result.

IT IS FURTHER ORDERED that all pending motions in this case are DENIED.

DATED this 16th day of September, 2009.

BY THE COURT:

DEE BENSON
United States District Judge